```
                IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF CALIFORNIA (YOSEMITE)

                                    )
UNITED STATES OF AMERICA,           )  Case No. 6:23-MJ-00005-HBK
                                    )
         Plaintiff,                 )
                                    )
    vs.                             )
                                    )
MICAH ALLEN BAARS,                  )
                                    )
         Defendant.                 )  Wednesday, April 26, 2023
_____)  3:19 P.M.
```

TRANSCRIPT OF HEARING ON INITIAL APPEARANCE
**BEFORE THE HONORABLE HELENA M. BARCH-KUCHTA**
**UNITED STATES CHIEF MAGISTRATE JUDGE**

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | United States Attorney's Office<br>BY:  SEAN ANDERSON, ESQUIRE<br>Robert E. Coyle United States Courthouse<br>2500 Tulare Street, Suite 4401<br>Fresno, California 93721 |
| For the Defendant: | Office of the Federal Public Defender<br>BY:  KARA OTTERVANGER, ESQUIRE<br>2300 Tulare Street, Suite 330<br>Fresno, California 93721 |
| Electronic Court Recorder: | P. Apodaca<br>United States District Court<br>9004 Castle Cliffs Court<br>Yosemite Valley, CA 95389 |
| Transcription Service By: | Dipti Patel, CET-997<br>Liberty Transcripts<br>7306 Danwood Drive<br>Austin, Texas 78759<br>(847) 848-4907<br>www.libertytranscripts.com |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

**Yosemite, California, Wednesday - April 26, 2023, 3:19 p.m.**

**P R O C E E D I N G S**

---oOo---

THE COURT: All right. Thank you, Ms. Apodaca.

I apologize to the parties for my delay. I'm in another hearing currently, so let's go.

THE CLERK: (Indiscernible).

THE COURT: Okay, thank you. Can I please have appearances for the record starting with the Government?

MR. ANDERSON: Good afternoon, Your Honor.

Sean Anderson for the United States.

THE COURT: Thank you, Mr. Anderson.

And, Mr. Baars, can you hear me?

THE DEFENDANT: I can, ma'am.

THE COURT: Okay. Can you please state your full name for the record and the correct spelling of your last name?

THE DEFENDANT: Micah Allen Baars, B-A-A-R-S.

THE COURT: All right. Thank you, Mr. Baars. If at any point during the proceedings, you cannot hear me or any of the individuals that are on this hearing, I ask that you please indicate in some form or fashion. Otherwise, I will assume that you can hear the proceedings. Okay?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Mr. Baars, we're here today for

1  an initial appearance regarding a complaint that has been
2  lodged against you.  I'm here to advise you of certain rights
3  that you have with regards to these charges, as well to set
4  this matter on a calendar going forward and determine whether
5  or not you are going to be detained pending a resolution of
6  these charges.
7  You are entitled to an attorney in this case.  You
8  may consult with an attorney and be represented at all stages
9  of the proceedings, both in and out of court.  Your attorney
10 may be present during any questioning by authority.  You have
11 the right to retain counsel of your own choosing.  If you
12 cannot afford an attorney, the Court will appoint one for you
13 at no cost.
14 Ms. Apodaca, did he submit a financial affidavit?
15 THE CLERK:  (Indiscernible).
16 THE COURT:  Okay.
17 THE CLERK:  (Indiscernible).
18 THE COURT:  Mr. Baars, you need to -- I need to
19 apprise you that all the information on that affidavit needs
20 to be true and correct to the best of your knowledge and
21 belief.  If any of that information should not be true or
22 correct, you could be subjected to perjury which is over and
23 above what you are currently facing.
24 Do you understand that?
25 THE DEFENDANT:  I do.

Case 6:23-mj-00005-HBK   Document 18   Filed 05/08/23   Page 4 of 11

4

1  THE COURT: Okay. Based upon your financial
2  affidavit, the Court finds that you qualify for appointment of
3  counsel.
4  And, Ms. Ottervanger, do you accept that appointment
5  on behalf of the Court to represent Mr. Baars in this matter?
6  MS. OTTERVANGER: I do.
7  THE COURT: Okay. The Court has appointed you, Mr.
8  Baars, the Federal Public Defender. You are permitted to
9  discuss this matter with your counsel at any point during the
10  proceeding.
11  Do the parties consent to continue these proceedings
12  via Zoom pursuant to the CARES Act and the general orders of
13  this Court?
14  MS. OTTERVANGER: Yes, Your Honor. Thank you.
15  THE COURT: Okay.
16  MR. ANDERSON: Yes, Your Honor.
17  THE COURT: Okay. Mr. Baars, you have been charged
18  with a two-count complaint. In Count 1, you are charged with
19  a violation of Title 36, Code of Federal Regulations Section
20  2.35(b) which is being present in the park under the influence
21  of alcohol or a controlled substance to a degree that it would
22  endanger oneself or another person or damage property or park
23  resources.
24  And in Count 2, you are charged with a violation of title
25  36, Code of Federal Regulations Section 2.34(a)(1) which is

1    with intent to cause public alarm, nuisance, jeopardy, or
2    violence or knowingly or recklessly creating a risk thereof,
3    such person commits any of the following prohibited acts,
4    engages in fighting or threatening or in violent behavior.
5             Each of these offenses are a Class B misdemeanor.
6    Each of these offenses carry with it a maximum possible
7    penalty of six months in prison, a $5,000 fine, five years of
8    probation, and a $10 special assessment.  Dependent upon your
9    personal circumstances, if you are not a U.S. citizen, a
10   conviction on either of these charges could also have
11   immigration consequences for you.
12            Do you understand the charges with which you are
13   being charged and the maximum possible penalty?
14            THE DEFENDANT:  Yes, Your Honor.
15            THE COURT:  You have the right to remain silent.
16   You are not required to make any statements.  If you have made
17   any statements, you are not required to say anything more.
18   You may consult with Ms. Ottervanger at any point during these
19   proceedings.  If you do make any statements, those statements
20   may be used against you.
21            Do you understand your rights to remain silent?
22            THE DEFENDANT:  I do.
23            THE COURT:  If you are a citizen of a foreign
24   country, you may have the right to request that a consular
25   officer from your country of nationality be notified should

1  you remain under arrest pending resolution of these charges.

2              You have the right to make the Government prove its
3  case at trial beyond a reasonable doubt.  That is a bench
4  trial before me.  Finally, you have the right to be released
5  prior to trial if you are not a flight risk and not a danger
6  to the community.

7              Ms. Ottervanger, how would you like to proceed?

8              MS. OTTERVANGER:  Good morning, Your Honor.

9              We have received the complaint and we waive any
10 further reading of his statutory and constitutional rights.
11 We would like to -- I'm working on a deal with Mr. Anderson
12 right now.  We haven't ironed it out yet, though.

13             THE COURT:  So how would you like to proceed?

14             MS. OTTERVANGER:  I'll leave it up to the Government
15 on whether they are seeking detention.

16             MR. ANDERSON:  Your Honor, the Government is seeking
17 detention, and I would defer to Pretrial Services, Mr.
18 Beckwith, for any answers or questions the Court may have.

19             THE COURT:  Okay.  And just so that I'm clear, Ms.
20 Ottervanger, when you say you're trying to reach a resolution
21 of this matter, is this a complete resolution of the matter in
22 terms of a plea and sentencing to be -- you just need time to
23 conclude that with Mr. Anderson?  Do you want me to -- I can
24 do a temporary detention and we can reconvene tomorrow at some
25 point.

1   MS. OTTERVANGER: Yes. We are -- yes, we are still
2 trying to iron it out for a plea and sentencing, complete
3 resolution. Tomorrow is fine with me. I will leave it up to
4 -- I know that they have -- Government does have three days if
5 they need it so I'll leave that up to them.
6   THE COURT: Right. So we could take this to Monday
7 or we could -- I have -- I can tell you I have several things
8 going on tomorrow. I will be down in Fresno, but Mr. Baars is
9 in Mairposa. We could still conduct the proceedings via Zoom.
10 It would have to be later in the afternoon.
11   Mr. Anderson, I'm going to put the ball in your
12 court.
13   MR. ANDERSON: Your Honor, tomorrow afternoon's
14 hearing would be fine. Even Friday, if that's the Court's
15 preference.
16   THE COURT: Tomorrow is Friday. No, tomorrow's
17 Thursday. Oh, tomorrow's Thursday. Oh, Friday would be
18 better.
19   Okay.
20   THE DEFENDANT: Excuse me, Your Honor.
21   THE COURT: Yes, Mr. Baars?
22   THE DEFENDANT: There's no way I could have any
23 release like prior to a deal or anything to get my orders in
24 affair?
25   THE COURT: So, Mr. Baars, I'm going to remind you

1 that you have the right to remain silent.  I think your
2 counsel would prefer that you probably not say anything at
3 these proceedings.  And I will leave that up to your counsel
4 to ask.
5           What we're doing right now, Mr. Baars, is the
6 Government is seeking detention.  Under the Rules, based upon
7 the Government's motion for detention of this matter, the
8 Court could hold you up to three days and needs to set a
9 detention hearing within three days.
10          What Mr. Anderson is saying is he's willing to hold
11 that detention hearing on Friday.  That will give your counsel
12 an opportunity to try to reach a resolution and a final
13 conclusion of this matter with the Government so that on
14 Friday, we would have a resolution of this matter all together
15 as opposed to waiting until Monday for a detention hearing.
16          THE DEFENDANT:  Okay.
17          THE COURT:  Okay?
18          So, Ms. Ottervanger, do you want me to go ahead and
19 order discovery, enter a not guilty plea at this stage?
20          MS. OTTERVANGER:  Yes, please, Your Honor.  Thank
21 you.
22          THE COURT:  Okay.  So in an abundance of caution,
23 we're going to go ahead and enter a not guilty plea on behalf
24 of the defendant.  I'm going to go ahead and order that any
25 discovery that might be owed from the Government to the

1    defense be provided within 14 days from today and any so-
2    called reciprocal discovery owed to the Government be provided
3    within 21 days.
4         I'm going to remind the Government of its
5    obligations under Brady v. Maryland and under Rule 5.  Failure
6    to comply with its disclosure obligations can result in
7    sanctions such as the dismissal of charges, evidentiary
8    sanctions, adverse jury instructions, a grant of a new trial,
9    and any sanctions on responsible attorneys.
10        I'll go ahead and we'll set this matter for a
11   detention hearing in an abundance of caution for Friday.
12        Ms. Apodaca, what time do we want to do that?  How
13   about -- what's --
14        THE CLERK:  (Indiscernible).
15        THE COURT:  Okay.  Even if I'm in Fresno?
16        THE CLERK:  (Indiscernible).
17        THE COURT:  Okay.  So tentatively right now, we'll
18   set it for a detention hearing for Friday at 3 p.m.
19        Okay.  Anything further on this matter from either
20   party?
21        MS. OTTERVANGER:  No, Your Honor.  Thank you.
22        MR. ANDERSON:  No, Your Honor.  Thank you.
23        THE COURT:  He's going to be temporarily detained
24   pending a detention hearing on Friday.  And I do note Pretrial
25   Services is here.

1   　　　　　Is there anything Pretrial Services would like to
2   place on the record?  I did receive the report.  I do see,
3   though, you were unable to speak with Mr. Baars.  I would ask
4   if possible for you in case there is not a resolution of this
5   matter, for you to try to speak with Mr. Baars for purposes of
6   having a full report if necessary for Friday's hearing.
7   　　　　　Is that doable, Mr. Beckwith?
8   　　　　　MR. BECKWITH:  Your Honor, currently, we don't have
9   a system in place to interview people at Mariposa.  And I'm
10  exploring how to do that with the U.S. Marshals.  And I'm
11  hoping I can have the interview scheduled for tomorrow
12  morning.
13  　　　　　THE COURT:  Okay.  Okay, thank you.
14  　　　　　I guess and just let me know if that's going to be a
15  problem.  And, Mr. Anderson, maybe you can get involved in
16  that to see if you can help facilitate that.
17  　　　　　MR. ANDERSON:  I can reach out to the law
18  enforcement in Yosemite.
19  　　　　　THE COURT:  Okay, thank you.
20  　　　　　All right.  Anything further on this matter?
21  　　　　　MS. OTTERVANGER:  No, Your Honor.  Thank you.
22  　　　　　MR. ANDERSON:  No, Your Honor.
23  　　　　　THE COURT:  Okay.  We'll be in recess then until
24  Friday at 3 p.m.
25  　　　　　THE DEFENDANT:  All right.  Thank you, Your Honor.

1   THE COURT: Thank you, Mr. Baars. You take care.

2   THE DEFENDANT: You too. Have a good day.

3   (Proceedings adjourned at 3:31 p.m.)

4   ---oOo---

5

6

7

8   **C E R T I F I C A T E**

9   I, DIPTI PATEL, court-approved transcriber, certify that

10  the foregoing is a correct transcript from the official

11  electronic sound recording of the proceedings in the above-

12  entitled matter.

13

14  *Dipti Patel*

15  _____

16  DIPTI PATEL, CET-997

17  LIBERTY TRANSCRIPTS                    Date: May 5, 2023